UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81243-CIV-MARRA

HENRY AYOTTE, et al.,

    Plaintiffs,

vs.

GEOVERA SPECIALTY
INSURANCE CO.,

    Defendant.
_____/

**OPINION AND ORDER**

    THIS CAUSE is before the Court upon the Motion to Dismiss of Defendant GeoVera Specialty Insurance Company.  (DE 16).  The Motion is fully briefed and ripe for review.  The Court has carefully considered the briefing and is otherwise fully advised in the premises.

    On October 22, 2010, Plaintiffs Henry Ayotte, John Philips, and Susan Rambusch, individually and on behalf of all others situated ("Plaintiffs"), filed a class action complaint against Defendants USF&G Insurance Company and the Travelers Companies, alleging causes of action for declaratory and injunctive relief, as well as breach of contract.  (DE 1). The Court *sua sponte* ordered that the Complaint be dismissed for lack of subject matter jurisdiction and permitted Plaintiffs to file an amended complaint that rectified the jurisdictional deficiencies. (DE 3).

    On November 4, 2010, Plaintiffs filed their First Amended Complaint against the same parties.  (DE 4).  United States Fidelity and Guaranty Company ("USF&GC"), Travelers

1

Casualty, and The Travelers Companies, Inc., filed a Motion to Dismiss (DE 9). In the motion, Defendants asserted that the incorrect parties had been named in the First Amended Complaint. Three days later, Plaintiffs filed their Second Amended Complaint against "Geovera Specialty Insurance Company f/k/a USF&G Specialty Insurance Company." (DE 13). Plaintiffs did not move for leave of the Court before filing the Second Amended complaint. On March 11, 2011, GeoVera Specialty Insurance Company ("GeoVera") moved to dismiss the Second Amended Complaint on the basis that Plaintiffs never obtained leave of court to file the amended complaint as required by the Federal Rules of Civil Procedure and Plaintiffs did not properly serve GeoVera. (DE 16).

Rule 15(a) provides that, after a party has already amended its pleading once as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). In this case, Plaintiffs amended their complaint a second time without the written consent of the opposing party or the Court's leave. Therefore, the Second Amended Complaint shall be dismissed without prejudice.

GeoVera also argues that any further amendment would be untimely as the new pleading would be served on GeoVera after the expiration of the 120-day deadline for service of process. Federal Rule of Civil Procedure 4(m) requires that the defendant must be served within 120 days after the complaint is filed or the complaint must be dismissed. Fed.R.Civ.P. 4(m). The rule also states, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Because of the confusion regarding the proper party to be named in this case, the Court finds that good cause exists to allow service after the 120 day time period imposed in Rule 4(m).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that

1. The Motion to Dismiss of Geovera Specialty Insurance Company (DE 16) is **GRANTED WITHOUT PREJUDICE**.

2. Plaintiffs have ten (10) days to file an amended complaint.

3. Good cause exists for Plaintiffs to serve Defendant beyond the 120-day time frame required by Federal Rule of Civil Procedure 4(m).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of May, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record